|     | UNITED STATES DISTRICT COURT |     |
| --- | --- | --- |
| 1   | UNITED STATES DISTRICT COURT |     |
| 2   | DISTRICT OF PUERTO RICO |     |
| 3   | HECTOR VAZQUEZ DIAZ, et al., |     |
| 4   | Plaintiffs, | Civil No. 07-2097 (JAF) |
| 5   | v. |     |
| 6   | RENE HERNANDEZ ARENCIBIA, |     |
| 7   |     |     |
| 8   | Defendant. |     |

**OPINION AND ORDER**

Plaintiffs, Héctor Vázquez Díaz ("Vázquez"), Tania Maldonado de Vázquez, and their conjugal partnership, bring this action against Defendant, René Hernández Arencibia, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and Puerto Rico law, and seeking $50 Million in damages. Docket No. 1. Defendant moves for partial summary judgment on the damages claims, Docket No. 56, and on the RICO claims, Docket No. 57. Plaintiffs oppose both motions. Docket Nos. 67, 80.

**I.**

**Factual and Procedural History**

Unless otherwise noted, we derive the following factual summary from the statements of uncontested material facts and the attached exhibits.[1] Docket Nos. 57, 80.

---

[1] Local Civil Rule 56(d) requires parties replying to an opposition to a motion for summary judgment to submit a statement of material facts admitting, denying or qualifying any facts submitted by the opposing party. Local Civil Rule 56(e) states that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as

Civil No. 07-2097 (JAF)                                                    -2-

Vázquez and Defendant entered into three business ventures together beginning in 2004: (1) the "Mansiones Enterprise" (also known as the "Estancias Project"), (2) the "Global Enterprise," and (3) the "ABSI Enterprise."

**A.   The Mansiones Enterprise**

In August 2004, Defendant and Vázquez formed the Mansiones Enterprise, whereby they agreed to design and develop a housing project in Trujillo Alto, Puerto Rico, with the understanding that each party would be reimbursed for its respective contributions and that profits would be divided equally. The project was expected to generate $9 Million in profits. Vázquez incurred $170,878 in expenses in designing and obtaining finance and permits for the Mansiones Enterprise. Without Vázquez' knowledge or consent, Defendant negotiated the sale of the property that was to be the site of the Mansiones Enterprise. On December 24, 2004, Defendant sold the property for $2.5 Million. Defendant did not reimburse Vázquez for the $170,878 in expenses Vázquez had incurred.

**B.   The Global Enterprise**

Also in 2004, Defendant asked Vázquez and two other individuals to purchase shares in Global Health Plan and Insurance Company ("Global"). Defendant sought investors because the Puerto Rico

---

required by this rule, shall be deemed admitted unless properly controverted." Here, Plaintiffs submit an additional statement of facts that Defendant does not controvert. See Docket No. 80. Accordingly, we deem these facts admitted, to the extent that they are supported by the record. See L. Cv. R. 56.

Insurance Commissioner ("the Commissioner") required Global to increase its capital to $1 Million by December 31, 2004, and Defendant was unable to invest the capital personally because Puerto Rico law forbade him from having a majority ownership interest in the company. Between July and December 2005, Vázquez bought 1,500 shares of Global, valued at $240,000. However, Defendant falsely represented to the Commissioner that Vázquez had been a shareholder since December 31, 2004. Defendant refused to provide Vázquez with shareholder rights, including the right to participate in shareholder meetings or to access Global's corporate records. Defendant also did not provide Vázquez with a certificate of ownership of Global stock. On December 4, 2006, Vázquez, through his attorney, requested Defendant to provide him with a certificate of stock ownership, to allow him to review Global's accounting books and records, and to notify him of future meetings of the Board of Directors. Defendant did not comply with these requests.

**C.   The ABSI Enterprise**

On December 6, 2005, Defendant, Vázquez, and two other individuals contributed a total of $1.05 Million to a Florida corporation that was later known as Advanced Building Specialties, Inc. ("ABSI"). ABSI was a manufacturing company that used an Italian building technology known as "M2". At ABSI's first shareholder meeting, on April 7, 2006, the shareholders agreed to divide ownership in proportion to the amount of capital contributed. Also at

that meeting, the shareholders agreed that they would be reimbursed for payments of ABSI's expenses, and that these payments would not constitute capital contributions. Based on this agreement, Vázquez owned 34.44% of ABSI, and Defendant owned 15.94%.

Between February and August 2006, without the knowledge or consent of Vázquez or ABSI's Board of Directors, Defendant made deposits to ABSI's bank account totaling $1.27 Million. Defendant then considered himself to be the majority shareholder of ABSI, because he had contributed more than fifty percent of the capital in ABSI's account. He then mismanaged ABSI by, among other things, appointing unqualified people to key positions in ABSI, permitting an employee to defraud ABSI by making unauthorized payments, purchasing unduly expensive equipment without permission, and failing to deposit payments from clients in ABSI's account. He also added two individuals as officers of ABSI, unilaterally and without the knowledge of all shareholders or ABSI's board of directors. As a result of the mismanagement, ABSI lost its license to manufacture and sell M2 construction technology on March 6, 2007. By the end of 2007, ABSI had lost nearly all of its worth and was evicted from one of its plants.

On November 20, 2007, Plaintiffs filed the present complaint in federal district court. Docket No. 1. On March 16, 2009, Defendant moved for partial summary judgment on damages, Docket No. 56, and on the RICO claims, Docket No. 57. On April 15, 2008, Plaintiffs opposed

Defendant's motion with respect to damages. Docket No. 67. On May 8, 2009, Plaintiffs opposed Defendant's motion with respect to the RICO claim. Docket No. 80.

## II.

### Summary Judgment Standard under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The moving party carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. Id. at 331.

In evaluating a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-

moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

### Analysis

Defendant argues that (1) Plaintiffs are not entitled to damages because Vázquez has illegally practiced architecture in Puerto Rico, Docket No. 56, and (2) Plaintiffs have failed to establish a RICO violation, Docket No. 57. For the reasons stated below, we find that Plaintiffs have not established that Defendant violated RICO. Therefore, we need not consider Defendant's argument with respect to damages.

**A.  RICO**

Defendant urges us to grant summary judgment in his favor on the RICO claims because Plaintiffs have failed to establish that Defendant was a member of a criminal enterprise. Docket No. 57.

RICO renders it unlawful for any person associated with an enterprise affecting interstate commerce to engage in "a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a claim, a plaintiff must show "(1) conduct (2) of an enterprise, (3) through a pattern of (4) racketeering activity." Soto-Negrón v. Taber Partners I, 339 F.3d 35, 38 (1st Cir. 2003) (citing N. Bridge Assocs., Inc. v. Boldt, 274 F.3d 38, 42 (1st Cir. 2001)). To show the existence of an enterprise, the plaintiff

Civil No. 07-2097 (JAF)                                              -7-

must demonstrate that a group of people have associated together for the purpose of committing crimes. United States v. Nascimento, 491 F.3d 25, 32 (1st Cir. 2007) (quoting United States v. Connolly, 341 F.3d 18, 28 (1st Cir. 2003)). "The enterprise must be distinct from the pattern of racketeering activity" in that it must have a goal more enduring than the completion of the particular criminal acts comprising the RICO offense. Id. (citing United States v. Turkette, 452 U.S. 576, 587 (1981); Connolly, 241 F.2d at 25).

Here, Plaintiffs neither allege nor prove that Defendants were members of a criminal enterprise. They repeatedly use the word "enterprise" to refer to business ventures between Defendant and Vázquez, but never describe any agreements between Defendant and others as part of a group dedicated to committing crimes against Vázquez. See Docket No. 80-4. In fact, Plaintiffs assert that Defendant committed the alleged RICO violations without the knowledge of other shareholders or of ABSI's Board of Directors. See id. Because Plaintiffs have failed to present any evidence that Defendant was a part of a RICO enterprise, Defendant is entitled to judgment as a matter of law on Plaintiffs' RICO claims. Cf. Nascimento, 491 F.3d at 32.

**B.   Puerto Rico Claims**

Because we dismiss all federal claims, we decline to exercise supplemental jurisdiction over Plaintiffs' Puerto Rico claims. See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir.

Civil No. 07-2097 (JAF)                                                    -8-

1992) (quoting Cullen v. Mattaliano, 690 F. Supp. 93, 99 (D. Mass. 1988)).

## IV.

## Conclusion

In accordance with the foregoing, we hereby **GRANT** Defendant's motion for summary judgment, Docket No. 57, and **DISMISS** all federal claims **WITH PREJUDICE**. We **DISMISS** Plaintiffs' Puerto Rico claims **WITHOUT PREJUDICE**. Accordingly, we **DENY** as **MOOT** Defendant's partial motion for summary judgment regarding damages, Docket No. 56.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of May, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge