1          UNITED STATES DISTRICT COURT
2            DISTRICT OF PUERTO RICO

3   HÉCTOR VÁZQUEZ-DÍAZ, et al.,

4       Plaintiffs,
                                        Civil No.  07-2097 (JAF)
5       v.

6   RENÉ HERNÁNDEZ-ARENCIBIA,
7
8       Defendant.

9                          **OPINION AND ORDER**

10       Plaintiffs, Héctor Vázquez-Díaz ("Vázquez"), Tania Maldonado de

11   Vázquez, and their conjugal partnership, brought this action against

12   Defendant,  René  Hernández-Arencibia,  alleging  violations  of  the

13   Racketeer  Influenced  and  Corrupt  Organizations  Act  ("RICO"),  18

14   U.S.C.  §  1962,  and  Puerto  Rico  law,  and  seeking  $50  Million  in

15   damages. (Docket No. 1.) On May 20, 2009, we granted Defendant's

16   motion for summary judgment (Docket No. 57), holding that Plaintiffs

17   could  not  establish  a  RICO  violation,  and  declining  to  exercise

18   supplemental  jurisdiction  over  Plaintiffs'  Puerto  Rico  claims.

19   (Docket  No.  88.)  Plaintiffs  now  move  for  reconsideration  under

20   Federal Rule of Civil Procedure 59(e) (Docket No. 90), and Defendant

21   opposes (Docket No. 92).

22       Pursuant to Rule 59(e), we entertain motions for reconsideration

23   to (1) correct manifest errors of law or fact, (2) consider newly-

24   discovered evidence, (3) incorporate an intervening change in the

25   law,  or  (4)  otherwise  prevent  manifest  injustice. Fed. R. Civ.

Civil No. 07-2097 (JAF)                                              -2-

1    P. 59(e); see Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2

2    (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller &

3    Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.

4    1995)); see also Dr. Jose S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d

5    33, 37 n.4 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16

6    (1st Cir. 1997); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir.

7    1992). If our original decision was correct, we need not reconsider,

8    even if the opinion contained factual or legal errors. See TI Fed.

9    Credit Union v. DelBonis, 72 F.3d 921, 930 (1st Cir. 1995) (citing

10   Helvering v. Gowran, 302 U.S. 238, 245 (1937)).

11        Plaintiffs argue that we erred because (1) Defendant failed to

12   meet his burden of showing that he was entitled to summary judgment,

13   because he relied on conclusory statements of the law; (2) Plaintiffs

14   can establish that Defendant participated in a RICO enterprise; and

15   (3) as the litigation had reached an advanced stage, we should not

16   have dismissed Plaintiffs' claims under Puerto Rico law. (Docket

17   No. 90.) We address these arguments in turn.

18        First, Plaintiffs contend that Defendant's motion for summary

19   judgment (Docket No. 57) lacked significant legal analysis, rendering

20   it unnecessary for Plaintiffs to offer evidence to support their

21   case. (Docket No. 90.) A nonmoving party, even one that has the

22   burden of persuasion at trial, may have no obligation to present

23   evidence supporting its case if the moving party fails to meet its

24   burden of showing the absence of a genuine issue of material fact.

Civil No. 07-2097 (JAF)                                                  -3-

1   <u>Carmona v. Toledo</u>, 215 F.3d 124, 133 (1st Cir. 2000). Nevertheless,

2   "if the summary judgment record satisfactorily demonstrates that the

3   plaintiff's case is, and may be expected to remain, deficient in

4   vital evidentiary support, this may suffice to show that the movant

5   has met its initial burden" of demonstrating the absence of a genuine

6   issue of material fact. <u>Id.</u> Furthermore, courts may grant summary

7   judgment based on rationales not advanced by the parties. <u>See</u> <u>New Fed</u>

8   <u>Mortg. Corp. v. Nat'l Union Fire Ins. Co.</u>, 543 F.3d 7, 11 (1st Cir.

9   2008). Here, we agree that Defendant's motion was conclusory and

10  lacking in analysis or reference to the factual record. (<u>See</u> Docket

11  No. 57.) However, our decision rested on a legal conclusion about the

12  sufficiency of Plaintiffs' allegations, not on an evidentiary gap in

13  Plaintiffs' case that they could be expected to remedy prior to

14  trial. (Docket No. 88); <u>cf.</u> <u>Carmona</u>, 215 F.3d at 133-34. We,

15  therefore, find that it was not premature to grant summary judgment

16  in favor of Defendant, despite the deficiency of his motion.

17      Next, Plaintiffs argue that we erred in our conclusion that

18  Plaintiffs failed to establish a RICO case. (Docket No. 90.) We

19  previously reasoned that Plaintiffs could not show that Defendant was

20  connected with a group of people who associated together for the

21  purpose of committing crimes, as required by RICO. (Docket No. 88.)

22  Plaintiffs argue that they were not required to show this, and that

23  legitimate business operations can constitute enterprises under RICO.

Civil No. 07-2097 (JAF)                                         -4-

(Docket No. 90 (citing <u>Aetna Cas. Sur. Co. v. P & B Autobody</u>, 43 F.3d 1546, 1557 (1st Cir. 1994).

    RICO renders it unlawful for any person associated with an enterprise affecting interstate commerce to engage in "a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). The prototypical RICO case involves either organized crime syndicates or situations in which a defendant takes over a seemingly-legitimate business operation, thereby gaining additional power to do harm. <u>See</u> <u>Gamboa v. Velez</u>, 457 F.3d 703, 710 (7th Cir. 2006); <u>George Lussier Enters., Inc. v Subaru of New Eng., Inc.</u>, 393 F.3d 36, 52 n.19 (1st Cir. 2004) (citing <u>Fitzgerald v. Chrysler Corp.</u>, 116 F.3d 225, 227-28 (7th Cir. 1997)). While RICO extends beyond these situations, it "has not federalized every state common-law cause of action available to remedy business deals gone sour." <u>Gamboa</u>, 457 F.3d at 710 (quoting <u>Midw. Grinding Co., Inc. v. Spitz</u>, 976 F.2d 1016, 1025 (7th Cir. 1992)). To establish a claim under § 1962(c), a plaintiff must show "(1) conduct (2) of an enterprise, (3) through a pattern of (4) racketeering activity." <u>Soto-Negrón v. Taber Partners I</u>, 339 F.3d 35, 38 (1st Cir. 2003) (citing <u>N. Bridge Assocs., Inc. v. Boldt</u>, 274 F.3d 38, 42 (1st Cir. 2001)).

    A plaintiff may establish the existence of a RICO enterprise by showing either "the existence of a legal entity, such as a corporation, or that a group of individuals were associated-in-fact." <u>Aetna</u>, 43 F.3d at 1557. It is possible to establish a RICO violation

1   even when the racketeering activities are detrimental to a legitimate

2   business operation. Id. at 1558. Here, Plaintiffs correctly note that

3   the business ventures at issue could constitute RICO enterprises,

4   even though they were not created for a criminal purpose, and even

5   though they were themselves undermined by Defendant's alleged

6   racketeering activities. See id. at 1557-58.

7       To demonstrate the existence of a "pattern" of racketeering

8   activity, a plaintiff must show either "past conduct that by its

9   nature projects into the future with a threat of repetition" or "a

10  closed period of repeated conduct." H.J. Inc. v. Nw. Bell Tel. Co.,

11  492 U.S. 229, 241 (1989) (citing Barticheck v. Fidelity Union

12  Bank/First Nat'l State, 832 F.2d 36, 39 (3d Cir. 1987)). "Open

13  continuity" exists where a plaintiff can show a threat of future

14  criminal conduct; the plaintiff cannot make such a showing when the

15  defendant sought to accomplish a discrete goal, directed at a finite

16  group of victims. H.J. Inc., 492 U.S. at 241; Boone v. Carlsbad

17  Bancorporation, Inc., 972 F.2d 1545, 1556 (10th Cir. 1992).

18      To determine whether a plaintiff has met the requirement for

19  "closed continuity," we consider, among other factors, the time frame

20  of the racketeering activity, the number of victims, the number of

21  separate schemes, and the complexity of the scheme. Efron v. Embassy

22  Suites (P.R.), Inc., 223 F.3d 12, 17-18 (1st Cir. 2000). In Efron,

23  the First Circuit found that a partner in a hotel project could not

24  establish a RICO violation by alleging that other partners

1    deliberately caused the project to lose money. 223 F.3d at 14, 21.

2    The <u>Efron</u> court reasoned that the partners' acts had occurred over a

3    limited time period (twenty-one months), had targeted only three

4    victims, and involved only one relatively simple scheme. 223 F.3d at

5    18-19.

6         Plaintiffs have not alleged that Defendant's behavior represents

7    a continuing threat to other victims; accordingly, they cannot

8    establish open continuity. <u>Cf.</u> <u>Boone</u>, 972 F.2d at 1556. Turning to

9    the issue of closed continuity, Plaintiffs allege predicate acts over

10   a time period of at most from August 2004 (when Defendant and Vázquez

11   formed the Mansiones Enterprise) through November 2007 (when

12   Plaintiffs filed the present complaint). (Docket No. 1.) Plaintiffs'

13   own version of the facts reveals that Defendant acted without the

14   knowledge of any of the other partners in the enterprises, and

15   Plaintiffs have neither alleged nor established that Defendant had

16   any collaborators who knew of the nefarious nature of his scheme.

17   (<u>See</u> <u>id.</u>) Furthermore, Plaintiffs only allege injury to themselves.

18   (<u>Id.</u>) We find that, as in <u>Efron</u>, the allegations do not amount to

19   "the kind of broad or ongoing criminal behavior at which the RICO

20   statute was aimed." <u>See</u> 223 F.3d at 18.

21        Accordingly, for slightly different reasoning from our previous

22   Opinion and Order (Docket No. 88), we affirm our conclusion that

23   Plaintiffs cannot establish a RICO violation. Finally, because we

24   affirm our dismissal of all federal claims, we need not reconsider

Civil No. 07-2097 (JAF)                                    -7-

1    our decision against exercising supplemental jurisdiction over

2    Plaintiffs' Puerto Rico claims. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Rivera v.</u>

3    <u>Murphy</u>, 979 F.2d 259, 264 (1st Cir. 1992) (quoting <u>Cullen v.</u>

4    <u>Mattaliano</u>, 690 F. Supp. 93, 99 (D. Mass. 1988)).

5         In accordance with the foregoing, we hereby **DENY** Defendant's

6    motion for reconsideration (Docket No. 90).

7         **IT IS SO ORDERED.**

8         San Juan, Puerto Rico, this 9th day of July, 2009.

9                                    s/José Antonio Fusté
10                                   JOSE ANTONIO FUSTE
11                                   Chief U.S. District Judge