|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| HECTOR VÁZQUEZ-DÍAZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RENE HERNÁNDEZ-ARENCIBIA,<br><br>  Defendant. | Civil No. 07-2097 (JAF) |

**O R D E R**

Before this court are motions for litigation costs and attorney's fees filed by Defendant, René Hernández-Arencibia. (Docket Nos. 91; 93.) Defendant claims entitlement to litigation costs by virtue of his being the prevailing party, and entitlement to attorney's fees in accordance with Federal Rule of Civil Procedure 11. (Id.) Plaintiffs, Héctor Vázquez-Díaz ("Vázquez"), Tania Maldonado de Vázquez, and the conjugal partnership between them, oppose. (Docket Nos. 94; 96.)

A full factual history of the case is outlined in our Opinion and Order of May 20, 2009 (Docket No. 88). We proceed to the motions at bar.

Defendant filed a timely motion for award of litigation costs on June 22, 2009, arguing that Federal Rule of Civil Procedure 54(d) and 18 U.S.C. § 1920 entitled him, as the prevailing party, to an award of $9,529.39. Plaintiffs object to Defendant's motion for the award of costs,

Civil No. 07-2097 (JAF) -2-

asserting numerous arguments, including: Defendant is not a prevailing party; we should refrain from assessing costs until the disposition of the supplemental claims that are now before a Puerto Rico court; and various costs claimed by Defendant are not taxable under § 1920. (Docket No. 94.)

Defendant has also filed a motion for award of attorney's fees in the amount of $59,530, claiming that fees should be awarded as a sanction under Rule 11. (Docket No. 93.) Plaintiffs oppose, arguing that Defendant has not complied with the procedures for pursuing a sanction under Rule 11. (Docket No. 96.) In addition, Plaintiffs contend that RICO does not authorize attorney's fees for prevailing defendants. (Id.) Subsequent to the filing of the above motions and oppositions, Plaintiffs filed a notice of appeal on August 6, 2009. (See Docket No. 97.)

Where a case is pending on appeal, Local Rule of Civil Procedure 54(b) grants us the discretion to dismiss without prejudice a motion for taxation of costs. Once the court of appeals has issued its mandate, the prevailing party is granted fourteen days in which to refile its motion for costs. L.Cv.R. 54(b). As the success of Defendant's motion is dependent on his status as a prevailing party — a status that is in doubt pending the disposition of Plaintiffs' appeal — we, therefore, employ the local rule and dismiss without prejudice.

In regard to attorney's fees, the local rules mandate the same outcome. Unlike Local Rule 54(b), which granted us discretion to deny claims for costs, Local Rule 54(a) states that a claim for attorney's fees in a case pending appeal "shall have no effect[,] and a new application must be filed within the time prescribed herein." L.Cv.R. 54(a) (emphasis added).

Civil No. 07-2097 (JAF) -3-

We hereby **DENY** Defendant's Petition for an Award of Costs (Docket No. 91) and Petition for an Award of Attorney's Fees (Docket No. 93). We **DISMISS WITHOUT PREJUDICE** Defendant's claims for attorney's fees and costs.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25TH day of March, 2010.

                                               s/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               Chief U.S. District Judge